IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MIGUEL RODRIGUEZ

        Plaintiff,

   vs.                                     CIVIL NO.   01-591 LH/LFG-ACE

WAL-MART STORES, INC.,
dba Sam's Club,

        Defendant.


## MEMORANDUM OPINION RECOMMENDING DISMISSAL

THIS MATTER is before the Court *sua sponte*. On January 8, 2002, the Court issued an order directing the Plaintiff, Miguel Rodriguez ("Rodriguez"), to show cause why Rule 37 sanctions, including dismissal of his case with prejudice, should not be imposed.

The Court's January 8, 2002 order was entered because Rodriguez failed to comply with the Court's order of November 1, 2001 compelling production of documents and information requested in Wal-Mart's First Set of Interrogatories and Requests for Production. Wal-Mart Stores, Inc. ("Wal-Mart") also alleged that Rodriguez failed to make various Rule 26 initial disclosures, and was in violation of discovery obligations and orders of the Court.

The Court's January 8, 2002 order directed Rodriguez to show cause to by filing a written response and supporting affidavit. However, he failed to submit any response whatsoever to the Court's order.

Under these circumstances, sanctions should be entered. The determination of the appropriate sanction is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). If a lesser sanction will deter an errant party from misconduct, then, a sanction other than dismissal should be utilized. Because a dismissal with prejudice defeats a litigant's right of access to the Courts, it is used only as a last rather than as a first resort. Id.

In Ehrenhaus, the Tenth Circuit directed district courts to consider numerous factors prior to choosing dismissal as an appropriate sanction. They include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. With these factors in mind, the Court determines the appropriateness of sanctions in this case.

## Prejudice to Opposing Party

Rodriguez's failure to make initial disclosures, failure to respond to written discovery and failure to produce documents all serve to hinder Wal-Mart's ability to defend this case. Wal-Mart is left to guess as to the evidence Rodriguez has, if any, to support his contentions.

The prejudice suffered by Wal-Mart includes increased expense and delay. Because preliminary disclosures have not been made, Wal-Mart is forced to spend more time and money in discovery, and the delays occasioned by Rodriguez's non-compliance significantly increase the costs of litigation. In the interim, a cloud of litigation hangs over Wal-Mart's head. The Court determines that Wal-Mart is indeed prejudiced by Rodriguez's failures.

## Interference with the Judicial Process

Case management deadlines were imposed as a means of complying with a congressional mandate under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* The Act is intended to minimize delay and to advance the ultimate disposition of litigation. Here, due to Rodriguez's non-compliance with discovery obligations, it is clear that this case cannot be resolved within the time deadlines contemplated by the district's Civil Justice Expense and Delay Reduction Plan. The discovery deadline is approaching and the parties are no closer to knowing the opponent's evidence than they were when the case was filed.

The case management plan adopted by the Court contemplates a target dispositional date so as to bring the case to completion within a reasonable period of time. Rodriguez's failure to comply with discovery obligations thwarts the Court's ability to effectively manage this case and to bring it to final disposition within the specified target date. Rodriguez's non-compliance almost guarantees that requests to alter case management deadlines will be filed. Thus, the case will not be resolved within the target deadline contemplated by the district's Civil Justice Expense and Delay Reduction Plan. Rodriguez's failures have already delayed the processing of the case and will surely interfere with the Court's ability to expeditiously resolve this matter. Thus, the Court finds that Rodriguez's acts and omissions have significantly interfered with the judicial process.

## Culpability of the Litigant

If the failure to comply with discovery obligations or court directives is the fault of an attorney, then the attorney is the proper party to suffer the sanction. In Re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Rodriguez represents himself. Thus, all failures to comply with discovery obligations,

directives and scheduling orders are his and the blame falls squarely on his own shoulders.

## **Prior Warning**

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed.

Willner v. Univ. of Kansas, 848 F.2d 1020 (10th Cir. 1988). The Court's January 8, 2002 Order to

Show Cause specifically states:

> Rodriguez is directed to show cause, if any he has, why Rule 16
> sanctions, including dismissal of his case with prejudice, should not be
> entered as a result of the claimed violations of discovery obligations.
>
> Rodriguez shall file a written response and supporting affidavit no
> later than January 22, 2002. Failure to file a response to the Order to
> Show Cause will likely result in dismissal of the case with prejudice.
> Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

It is clear that Rodriguez was placed on notice that failure to comply with discovery

obligations could result in sanctions, including dismissal with prejudice. More significantly,

Rodriguez was given an opportunity to explain why sanctions should not be imposed. Ocelot Oil

Corp. v. Sparrow Indus., 847 F.2d 1458, 1465-66 (10th Cir. 1988). For whatever reason, Rodriguez

chose not to respond to the Court's directive. The Court concludes that Rodriguez has been

appropriately warned by the Court of potential consequences of violations, including dismissal of his

case with prejudice.

## **Efficacy of Lesser Sanctions**

Here, notwithstanding the Court's earlier notice that failure to comply with Court orders and

directives could result in imposition of sanctions, including dismissal of his litigation, Rodriguez

ignored the Court's order and failed to respond to the Order to Show Cause. Given these failures

and Rodriguez's refusal to comply with Court directives, the Court has no optimism that he would

comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.

After consideration of the <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the presiding judge with a recommendation that Rodriguez's lawsuit be dismissed with prejudice.[1]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this memorandum and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such memorandum and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the memorandum and recommendation. Therefore, if no objections are filed by January 24, 2002, no appellate review will be allowed.